LOVE, SUPERINTENDENT OF BANKS, *v.* ROGERS.

(Division B. Nov. 27, 1933.)

[150 So. 815. No. 30864.]

(1)

**D. G. Griffing** and **E. B. Taylor,** both of Shelby, for appellant.

Greek P. Rice, of Clarksdale, for appellee.

4

Argued orally by **E. B. Taylor,** for appellant.

**Griffith, J.,** delivered the opinion of the court.

At a time not definitely shown by this record, the Bank of Shelby closed its doors and went into the hands of appellant for liquidation under the state banking laws. At that time appellee was indebted to the said bank for

two notes; one for five hundred dollars, due October 15, 1930, and one for three thousand eight hundred dollars, due November 15, 1930. Prior to its closing, the Bank of Shelby had pledged these two notes with a Memphis bank as collateral security for a loan obtained by the Shelby bank from the Memphis bank.

Having learned that these two notes were held by the Memphis bank, and under such circumstances as to put him on notice that they were held as collateral and not by way of absolute title, appellee went to Memphis and made a compromise adjustment with the Memphis bank by which, for the sum of two thousand five hundred dollars, the Memphis bank marked the notes as paid, and surrendered them as having been fully canceled and discharged. This transaction occurred on November 9, 1931, or about one year after the due dates of the notes. The payment of two thousand five hundred dollars was made to the Memphis bank through a draft drawn by the Memphis bank on the mother of appellee, which draft was paid on or about November 17, 1931.

At the time the Bank of Shelby went into the hands of the liquidator, there was a deposit account in the bank to the credit of appellee in the balance of seven hundred eighty-three dollars and three cents. After appellee had obtained his notes and had procured them to be marked as paid and canceled as aforesaid, he demanded of the liquidator that he be paid dividends on his said deposit, but the liquidator refused to do this because of the balance claimed to be due on the two notes, which balance exceeded the amount of the deposit. Appellee thereafter filed his petition in the liquidation proceedings, praying an order of the court for the payment of dividends on his deposit, which petition was sustained by the court, and the liquidator has appealed.

It will be noted from the statement of facts that the transaction by the Memphis bank did not purport to be an assignment of these notes to appellee's mother. The notes were marked paid and surrendered as paid. But if otherwise, the transaction was long after the maturity

of the notes and the assignee would and could have obtained no other title than that possessed by the Memphis bank, which, as we have already stated, was that of pledgee and not as owner. A pledgee of commercial paper is a trustee for the pledgor, and, unless expressly authorized so to do, cannot discount that paper at less than its face value, or transfer it for a compromise amount to any person with notice or the equivalent thereof; and the burden of proof to show the authority of the pledgee rests upon him who asserts the validity of the pledgee's action in so disposing of the paper at less than its face value. Eckert v. Searcy, 114 Miss. 150, 74 So. 818.

There is not a word of proof in this entire record in respect to the authority of the pledgee bank or as to what accounting it made to the pledgor bank as a result of this transaction; and the burden of proof being upon appellee as to those issues, it follows that the decree in his favor cannot be upheld.

Reversed and remanded.